ORIGINAL

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
JAN 12 2009
CLERK, U.S. DISTRICT COURT
By _____ Deputy

IN THE UNITED STATES DISTRICT COURT

FOR THE __NORTHERN__ DISTRICT OF TEXAS

__FORT WORTH__ Division

PETITION FOR A WRIT OF HABEAS CORPUS BY A
PERSON IN STATE CUSTODY

__PHILLIP SOTO GARCIA__
PETITIONER
(Full name of Petitioner)

__STEVENSON UNIT OF TDCJ-ID__
CURRENT PLACE OF CONFINEMENT

VS.

~~######~~  __834553__
PRISONER ID NUMBER

__NATHANIEL QUARTERMAN__
RESPONDENT
(Name of TDCJ Director, Warden, Jailor, or
authorized person having custody of petitioner)

**4-09CV-024-A**
CASE NUMBER
(Supplied by the Clerk of the District Court)

## INSTRUCTIONS - READ CAREFULLY

1. The petition must be legibly handwritten or typewritten, and signed by the petitioner, under penalty of perjury. Any false statement of an important fact may lead to prosecution for perjury. Answer all questions in the proper space on the form.

2. Additional pages are not allowed except in answer to questions 11 and 20. Do not cite legal authorities. Any additional arguments or facts you want to present must be in a separate memorandum.

3. When the Clerk of Court receives the $5.00 filing fee, the Clerk will file your petition if it is in proper order.

4. If you do not have the necessary filing fee, you may ask permission to proceed *in forma pauperis*. To proceed *in forma pauperis*, (1) you must sign the declaration provided with this petition to show that you cannot prepay the fees and costs, and (2) if you are confined in TDCJ-ID, you must send in a certified *In Forma Pauperis* Data Sheet from the institution in which you are confined. If you are in an institution other than TDCJ-ID, you must send in a certificate completed by an authorized officer at your institution certifying the amount of money you have on deposit at that institution. If you have access or have had access to enough funds to pay the filing fee, then you must pay the filing fee.

5. Only judgments entered by one court may be challenged in a single petition. If you want to challenge judgments entered by different courts, either in the same state or in different states, you must file separate petitions as to each court.

6. Include all your grounds for relief and all the facts that support each ground for relief in this petition.

7. When you have finished filling out the petition, mail <u>the original and two copies</u> to the Clerk of the United States District Court for the federal district within which the State court was held which convicted and sentenced you, or to the federal district in which you are in custody. A "VENUE LIST," which lists U.S. District Courts in Texas, their divisions, and the addresses for the clerk's office for each division, is posted in your unit law library. You may use this list to decide where to mail your petition.

8. Petitions that do not meet these instructions may be returned to you.

---

## PETITION

### What are you challenging? (Check only one)

☒ A judgment of conviction or sentence,        (Answer Questions 1-4, 5-12 & 20-23)
probation or deferred-adjudication probation
☐ A parole revocation proceeding.              (Answer Questions 1-4, 13-14, & 20-23)
☐ A disciplinary proceeding.                   (Answer Questions 1-4, 15-19 & 20-23)

### All petitioners must answer questions 1-4:

1. Name and location of the court (district and county) which entered the conviction and sentence that you are presently serving or that is under attack:
   Criminal District Court Nuber Two; Tarrant County, Texas

2. Date of judgment of conviction: J̶u̶l̶y̶y̶  July 8, 1998

3. Length of sentence: 10 years and 20 year sentence concurrently

4. Nature of offense and docket number (if known): Indecency with a child by s̶e̶x̶
   contact with genitals and by contact with breast   0618103D

### Judgment of Conviction or Sentence, Probation or Deferred-Adjudication Probation:

5. What was your plea? (Check one)

   ☒ Not Guilty        ☐ Guilty        ☐ Nolo contendere

6. Kind of trial: (Check one)    ☒ Jury        ☐ Judge Only

- 2 -                                    CONTINUED ON NEXT PAGE

7. Did you testify at the trial? ☒ Yes ☐ No

8. Did you appeal the judgment of conviction? ☒ Yes ☐ No

9. If you did appeal, in what appellate court did you file your direct appeal?

   Second Court of Appeals   Cause Number (if known) 2-98-00358-CR / 2-98-00359-CR

   What was the result of your direct appeal (affirmed, modified or reversed): affirmed

   What was the date of that decision? November 24, 1999

   If you filed a petition for discretionary review after the decision of the court of appeals, answer the following:

   Result: N/A

   Date of result: _____ Cause Number (if known): _____

   If you filed a petition for *writ of certiorari* with the United States Supreme Court, answer the following:

   Result: N/A

   Date of result: _____

10. Other than a direct appeal, have you filed any petitions, applications or motions from this judgment in any court, state or federal? This includes any state application for writ of habeas corpus that you may have filed.

    ☒ Yes ☐ No

11. If your answer to 10 is "Yes," give the following information:

    Name of court: C̶O̶A̶ Court of Criminal Appeals

    Nature of proceeding: Ineffective Assistance of Counsel - Habeas Corpus

    Cause number (if known): unknown

    Date (month, day and year) you <u>filed</u> the petition, application or motion as shown by a file-stamped date from the particular court.
    First filing date unknown

    Grounds raised: Ineffective Assistance of Counsel

Date of final decision: ___unknow___

Name of court that issued the final decision: ___Court of Criminal Appeals___

As to any *second* petition, application or motion, give the same information:

Name of court: ___Court of Criminal Appeals___

Nature of proceeding: ___Habeas Corpus 11.07 § 4(a)(2)___

Date (month, day and year) you *filed* the petition, application or motion as shown by a file-stamped date from the particular court.
___April 26, 2008 sent by RRRCM# 7005-1160-0002-0528-2173___

Grounds raised: ___Ineffective Assistance of Counsel At trial, Direct appeal and Habeas Review; Trial Counsel's neglect Applicant interest; Retained habeas Counsel Neglect Applicant's fiduciary duties; Conviction violating due Process Indecency cild; Conviction violating due process Agg. Sex. Assault___

Date of final decision: ___Denied without written order   June 4, 2008___

Name of court that issued the final decision: ___Court of Criminal Appeals___

*If you have filed more than two petitions, applications, or motions, please attach an additional sheet of paper and give the same information about each petition, application, or motion.*

12. Do you have any future sentence to serve after you finish serving the sentence you are attacking in this petition?
    ☐ Yes   ☒ No
    (a) If your answer is "yes," give the name and location of the court that imposed the sentence to be served in the future:
    ___N/A___

    (b) Give the date and length of the sentence to be served in the future: ___
    ___N/A___

    (c) Have you filed, or do you intend to file, any petition attacking the judgment for the sentence you must serve in the future?

    ☐ Yes   ☐ No

- 4 -                                              CONTINUED ON NEXT PAGE

**Parole Revocation:**

13. Date and location of your parole revocation: _____N/A_____

14. Have you filed any petitions, applications, or motions in any state or federal court challenging your parole revocation?

    ☐ Yes   N/a            ☐ No

    If your answer is "yes," complete Question 11 above regarding your parole revocation.

**Disciplinary Proceedings:**

15. For your original conviction, was there a finding that you used or exhibited a deadly weapon?   ☐ Yes   ☒ No

16. Are you eligible for mandatory supervised release?   ☐ Yes   ☒ No

17. Name and location of prison or TDCJ Unit that found you guilty of the disciplinary violation:

    _____N/A_____

    Disciplinary case number: _____

18. Date you were found guilty of the disciplinary violation: _____

    Did you lose previously earned good-time credits?   ☐ Yes   ☒ No

    Identify all punishment imposed, including the length of any punishment if applicable, any changes in custody status, and the number of earned good-time credits lost: _____

    _____N/A_____

19. Did you appeal the finding of guilty through the prison or TDCJ grievance procedure?

    ☐ Yes            ☒ No

    If your answer to Question 19 is "yes," answer the following:

    Step 1 Result: _____N/A_____

    _____

    Date of Result: _____

    Step 2 Result: _____N/A_____

    _____

Date of Result: _____

**All applicants must answer the remaining questions:**

20. State <u>clearly</u> every ground on which you claim that you are being held unlawfully. Summarize <u>briefly</u> the facts supporting each ground. If necessary, you may attach pages stating additional grounds and facts supporting them.

    **CAUTION:**
    <u>Exhaustion of State Remedies:</u> You must ordinarily present your arguments to the highest state court as to each ground before you can proceed in federal court.
    <u>Subsequent Petitions:</u> If you fail to set forth all grounds in this petition, you may be barred from presenting additional grounds at a later date.

Following is a list of the most frequently raised grounds for relief in habeas corpus proceedings. Each statement is a separate ground for possible relief. You may raise any grounds, even if not listed below, if you have exhausted your state court remedies. However, <u>you should raise in this petition all available grounds</u> (relating to this conviction) on which you base your belief that you are being held unlawfully.

<u>DO NOT JUST CHECK ONE OR MORE OF THE LISTED GROUNDS</u>. Instead, you must also STATE the SUPPORTING FACTS for ANY ground you rely upon as the basis for your petition.

(a) Conviction obtained by a plea of guilty which was unlawfully induced, or not made voluntarily, or made without an understanding of the nature of the charge and the consequences of the plea.

(b) Conviction obtained by the use of a coerced confession.

(c) Conviction obtained by the use of evidence gained from an unconstitutional search and seizure.

(d) Conviction obtained by the use of evidence obtained from an unlawful arrest.

(e) Conviction obtained by a violation of the privilege against self-incrimination.

(f) Conviction obtained by the prosecution's failure to tell the defendant about evidence favorable to the defendant.

(g) Conviction obtained by the action of a grand or petit jury which was unconstitutionally selected and impaneled.

(h) Conviction obtained by a violation of the protection against double jeopardy.

(i) Denial of effective assistance of counsel.

(j) Denial of the right to appeal.

(k) Violation of my right to due process in a disciplinary action taken by prison officials.

A. **GROUND ONE:** Ineffective Assistance of counsel at Trial, by being Counsel allowing Garcia to be convicted below a constitutional Statute of law.

Supporting FACTS (tell your story briefly without citing cases or law):

Trial Counsel allowing an unconstitutional conviction, in violation of both texas and United States Constitutions. By not addressing the deprivation of Garcias rights under Texas Code of Criminal Procedure, Article 38.07.

Memorandum @ 2-4

B. **GROUND TWO:** Ineffective Assistance of Counsel on Appeal; Neglected the Sixth Amendment Standards, not addressing unconstitutional Statute.

Supporting FACTS (tell your story briefly without citing cases or law):

Appellate Counsel on Direct Appeal neglected a matter of law by allowing or not addressing unconstitutional standard of Texas Code of Criminal Procedure, Article 38.07.

Memorandum @ 4

C. **GROUND THREE:** Ineffective assistance of Counsel; Retained Habeas Counsel neglect to hold constitutional standards of which he was sworn to uphold.

Supporting FACTS (tell your story briefly without citing cases or law):

Counsel neglect to address the Legislature lack of authority made a rule that violates the constitutions.

Memorandum @ 4-5

-7-

CONTINUED ON NEXT PAGE

D. **GROUND FOUR:** UNCONSTITUTIONAL STATUTE

Supporting FACTS (tell your story <u>briefly</u> without citing cases or law):

Garcia was convicted only of allegations, not material evidence. Solely by the use of Article 38.07 and 38.071, Texas code of Criminal Procedure 38.07 has been shown by the Supreme Court to be unfair and could deprive Garcia of his liberty, or life.

Memorandum @ 5-9

21. Have you previously filed a federal habeas petition attacking the same conviction, parole revocation, or disciplinary proceeding that you are attacking in this petition?

☐ Yes   ☒ No

If your answer is "yes," give the date on which <u>each</u> petition was filed, the federal court in which it was filed, and whether the petition was (a) dismissed without prejudice or (b) denied.

22. Are any of the grounds listed in paragraph 20 above presented for the first time in this petition?

☐ Yes   ☒ No

If your answer is "yes," state <u>briefly</u> what grounds are presented for the first time and give your reasons for not presenting them to any other court, either state or federal.

23. Do you have any habeas corpus proceedings or appeals now pending in any court, either state or federal, relating to the judgment or proceeding under attack?

☐ Yes     ☒ No

If "yes," identify each type of proceeding that is pending (i.e., direct appeal, art. 11.07 application, or federal habeas petition), the court in which each proceeding is pending, and the date each proceeding was filed.

_____

_____

Wherefore, petitioner prays that the Court grant him the relief to which he may be entitled.

_____N/A_____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on December 22, 2008 (month, date, year).

Executed on December 18, 2008 (date).

_____Phillip Soto Garcia_____
Signature of Petitioner (required)

Petitioner's current address: Stevenson Unit; 1525 F.M. 766, Cuero, Texas 77954-9900

- 9 -

RECEIVED
JAN 12 2009
CLERK U.S DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

Phillip Soto Garcia #834553
Stevenson Unit; 1525 F.M. 766
Cuero, Texas 77954-9900

December 18, 2008

Northern District of Texas
United States District Clerk
Pam Murphy, Deputy-in-Charged
310 U.S. Courthouse
501 W. 10 St.
Fort Worth, Texas 76102-3673

4-09CV-024-A

Re: Motion for Leave to proceed out of time under § 2254, Federal
Relief of wrongful conviction
TC# 0618103D & 0618104D
CCA# WR-48,208-04 & WR48-208-05

Dear Ms. Murphy;

Please find ienclosed, Motion for leave to proceed out of time under § 2254, Habeas relief, Memornadum of law in support of out of time § 2254, Federal relief of wrongful conviction. and Applications for Writ of Habeas § 2254, to be filed and presented to the Court for review.

Thank you for your help in this matter!!!

Respectfully submitted;

*Phillip Soto Garcia*
PHILLIP SOTO GARCIA-834553-Pro se

cc: Carbon copies made

File

Attorney General of Texas
Greg Abbott
P.O. Box 12548
Austin, Texas 78711-2548

P.S. I have submitted I-25 Inmate Request for withdrawal for the $5.00 filing fee, on December ___, 2008.